UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ERIC L ELLIS                                    CIVIL ACTION NO. 21-cv-903

VERSUS                                          JUDGE ELIZABETH E. FOOTE

CAPITAL ONE AUTO FINANCE, ET AL       MAGISTRATE JUDGE HORNSBY


**REPORT AND RECOMMENDATION**

**Introduction**

Eric L. Ellis ("Plaintiff"), who is self-represented, filed this civil action to complain about the repossession of his truck.  He named as defendants Capital One Auto Finance, Centurion Auto Recovery, Centurion employee Corey Pinckley, and the Bossier City Police Department.  He alleges that he bought a 2013 Ram Quad Cab that was financed by Capital One Auto Finance.  Mr. Pinckley attempted to repossess the vehicle, with Plaintiff inside.  Pinckley allegedly ordered Plaintiff to leave the vehicle, but Plaintiff refused. Pinckley then called officers from the Bossier City Police Department, who arrived and blocked the vehicle.  Plaintiff alleges that the officers asked him questions about his finances and refused to leave until Mr. Pinckley had the vehicle in his possession. Afterward, Plaintiff called Centurion Auto Recovery to retrieve some items from his vehicle, and Mr. Pinckley allegedly told him that it would cost him $600 to do so because Plaintiff had been resistant during the repossession.

The court has a duty to examine the basis for subject matter jurisdiction.  Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).  Plaintiff, as the party

seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists.  Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986).  The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 or (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff's complaint alleges that jurisdiction exists based on Section 1331.  The court has reviewed the complaint and determined, for the reasons that follow, that the court lacks jurisdiction over his complaint based on Section 1331 or Section 1332.

**Diversity Jurisdiction**

Section 1332 requires complete diversity of citizenship and an amount in controversy that exceeds $75,000, exclusive of interest and costs.  Plaintiff's complaint does not specifically invoke diversity jurisdiction, and there does not appear to be a basis for it.  Plaintiff alleges that he resides in Louisiana.  He alleges that Centurion is located in Louisiana, and there is a fairly strong implication that Mr. Pinckley could be a citizen of Louisiana as well.  The Bossier City Police Department, to the extent it is a legal entity, would be a Louisiana citizen.  Finally, Plaintiff does not specifically allege that more than $75,000 is in controversy.  He asks for an order compelling the release of his vehicle (of unspecified value) plus unspecified damages.  Based on the facts alleged, the court cannot find that there is a basis for the exercise of diversity jurisdiction.

**Federal Question Jurisdiction**

There is also no apparent basis for the exercise of federal question jurisdiction under Section 1331.  The well-pleaded complaint rule determines whether a federal claim is

presented in the complaint sufficient to give rise to subject-matter jurisdiction. The plaintiff's federal claim must appear on the face of his well-pleaded complaint. Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). The plaintiff need not specifically cite a federal provision such as 42 U.S.C. § 1983, but he must allege facts sufficient to establish a colorable issue of federal law. Quinn v. Guerrero, 863 F.3d 353, 358–59 (5th Cir. 2017).

Plaintiff alleges in paragraph 6 of his complaint that jurisdiction is based on Section 1331, but the complaint does not invoke any particular federal claim or cause of action by name or citation. To the contrary, the complaint carefully sets out specific counts for alleged breaches of state law. Plaintiff baes counts on the Louisiana repossession statutes, breach of contract, breach of peace in violation of Louisiana repossession laws, and extortion (based on the $600 demand). Each of those claims is based on state rather than federal law. There is no federal jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff has not invoked 42 U.S.C. § 1983, a statute often used in an attempt to assert a federal civil rights claim, but the court will discuss it briefly. That statute applies only when a defendant is acting under the color of state law. Capital One, Centurion, and Pinckley are private persons, not governmental actors. Even if Capital One resorted to the state courts in connection with the repossession, merely pursuing a foreclosure action in a state court does not make a party a state actor for Section 1983 purposes. Modelist v. Miller, 445 Fed. Appx. 737, 740 (5th Cir. 2011); Earnest v. Lowentritt, 690 F.2d 1198, 1201-02 (5th Cir. 1982) (finding that initiation of foreclosure proceedings does not

constitute state action for purposes of Section 1983); and <u>Davis v. Cap. One Auto Fin.</u>, 2014 WL 1246349 (W.D. La. 2014) (dismissing similar auto repossession claim for lack of jurisdiction).  Plaintiff's assertion that his car was wrongfully repossessed is insufficient to meet his burden of pleading a federal claim.

A policeman may be a state actor, but Plaintiff has not named any individual officer as a defendant.  He has named only the Bossier City Police Department, and a police department is not a legal entity capable of being sued in federal court.  <u>See</u> <u>Evans v. City of Homer</u>, 2007 WL 2710792 (W.D. La. 2007); <u>Martin v. Davis</u>, 2007 WL 763653 (E.D. La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued.").  As noted above, Plaintiff has not asserted a § 1983 claim against any defendant.  The only claim that he directs toward the police department is breach of peace under Louisiana repossession statutes.  Complaint, ¶¶ 27-32.

**Conclusion**

Federal courts have limited jurisdiction to hear only certain kinds of cases. Plaintiff's complaint does not satisfy his obligation of presenting facts that show this case is one of those over which the court may exercise jurisdiction.  If Plaintiff wishes to pursue his claims against these defendants, he will have to do so in a state court that has jurisdiction and is a proper venue.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of April, 2021.

Mark L. Hornsby
U.S. Magistrate Judge